DUFFY & THOMAS, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH MILLER ET AL., DEFENDANTS-APPELLANTS.

Argued May 5, 1926—Decided November 11, 1926—Filed January 5, 1927.

Sale of Real Estate—Agent's Commissions—Agent's Contract Contained a Provision That "No Money was to be Paid Unless Title Actually Passes"—Agent Procured Buyer, but Defendant Refused to Sell—Later, He Paid Would-be Buyer a Sum of Money to Discontinue a Suit For Specific Performance—Court Differentiated Between This Case and That of Dermody v. N. J. Realty Co., Where Vendee Defaulted and Later Made Settlement by Payment of Damages, Holding That the Language of the Agent's Contract was Explicit and Final.

On appeal from the Second District Court of Jersey City.

Before Justices KALISCH and KATZENBACH.

For the defendants-appellants, Aaron A. Melniker.

For the plaintiff-respondent, Henn & Burr.

PER CURIAM.

This is a defendant's appeal from a judgment of the Second District Court of the city of Jersey City. The judgment was rendered in an action instituted to recover broker's commissions of $250. The defendants below (hereinafter called the defendants), on June 7th, 1923, signed a contract agreeing to pay to the plaintiff below (hereinafter called the plaintiff) a commission of $250 for procuring a purchaser for the premises described in said agreement. The agreement contained the following words: "No money is to be paid unless title actually passes." The plaintiff procured a customer for the property. The defendants and the customer entered into an agreement for the sale and purchase of the property. The

vendee was willing, able and ready to perform the contract, but the vendors refused to convey the property. The vendee then filed a bill in the Court of Chancery to have the contract specifically performed. The vendors paid to the vendee a sum of money to have the suit discontinued. The plaintiff contended that it had earned its commission and instituted the present action to recover it.

The District Court held that under the case of *Dermody* v. *New Jersey Realty Co.*, 3 *N. J. Adv. R.* 702, the plaintiff was entitled to recover. In this case the agent procured a purchaser. A contract for the sale and purchase of the property was made. The vendee defaulted and later made settlement by the payment of damages to the vendors. The contract provided that the commission was to be paid at the time of passing title. The title did not pass. A judgment rendered by the Essex county court in favor of the vendor was reversed by the Court of Errors and Appeals on the ground that the settlement substituted payment of damages to the vendor in the place of the purchase-money.

In the case of *Taylor & Rose, Inc.*, v. *Buonincontri*, 3 *N. J. Adv. R.* 881, the contract provided that the broker's commission was to be paid "at the time of passing title." This was held to indicate merely the time when the commission was payable.

We find it difficult, however, to overcome the effect of the language embodied in the agreement under consideration which, as stated above, is "no money is to be paid unless title actually passes." upon the authority of the case considered controlling by the court below. It seems to us that if a broker enters into a contract which makes his commission contingent upon the actual passing of the title to the property and not upon his finding a purchaser ready, able and willing to take the property at a price satisfactory to the owner, that he must be held to be bound by the terms of the contract.

This view leads to a reversal of the judgment rendered by the Second District Court of the city of Jersey City. The judgment is accordingly reversed.